IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Corey Jawan Robinson, #294233, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 4:07-1077-HMH-TER |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Kenny Green, Charlotte Dickey, Michael ) | |
| Hunter, Annie Sellers, Elaine Redfearn ) | |
| Miller, Charles Rollins, III, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2006) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Corey Jawan Robinson ("Robinson"), a state prisoner proceeding pro se, alleges various violations to his civil rights under 42 U.S.C. § 1983.  In his Report and Recommendation, Magistrate Judge Rogers recommends granting the Defendants' motion for summary judgment.

Robinson filed a "motion to strike" the Defendants' answer and enter default. Robinson moves to strike the Defendants' answer on the basis that he has not been provided a copy of the disciplinary hearing tape.  However, there is no evidence to support striking the Defendants' answer.  On September 24, 2007, the Defendants stated that they were in the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

process of copying the disciplinary hearing record tape and would provide it to Robinson when it was available. The court has the authority to sanction a party for failure to comply with the discovery process pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. When determining what sanctions to impose under Rule 37, "the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (internal quotation marks omitted). The court finds no evidence that the Defendants have acted in bad faith or that Robinson has been prejudiced. Further, Robinson's claims are without merit. Therefore, this motion is moot.

Further, construing liberally, the court will consider Robinson's motion to strike as objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Robinson's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, document number 28, is granted. It is further

**ORDERED** that Robinson's motion to strike, document number 50, is denied.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
November 19, 2007

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.